**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MUHAMMAD FAISAL ASHFAQUE,<br>Plaintiff,<br><br>v.<br><br>KRISTI NOEM, et al.,<br>Defendants. | 2:25-cv-00224-DSF-BFMx<br><br>Order GRANTING Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 20) |

Plaintiff Muhammad Faisal Ashfaque has brought a claim under the Administrative Procedures Act against Defendants Kristi Noem, Secretary of Homeland Security, and two officials of the United States Citizenship and Immigration Services. Defendants move to dismiss the case for lack of subject matter jurisdiction. The Court deems this matter appropriate for decision without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15.

In 2004, Plaintiff received asylum status in the United States. Plaintiff now challenges USCIS's denial of his two applications to adjust his status to that of a permanent resident. USCIS denied Plaintiff's applications after finding that Plaintiff provided material support to a terrorist organization and, therefore, did not qualify for adjustment of status under 8 U.S.C. § 1159(b).

A person who has been granted asylum may apply to adjust status to a permanent resident, but whether adjustment of status is granted is in the discretion of the Secretary of Homeland Security. 8 U.S.C. § 1159(b). Courts lack jurisdiction to review discretionary

decisions of the Secretary that fall within Title 8, Chapter 12, Subchapter II. 8 U.S.C. § 1252(a)(2)(B)(ii). That subchapter includes 8 U.S.C. § 1159.

Despite this apparent bar to judicial review, Plaintiff argues that the Court has jurisdiction to review USCIS's underlying factual determination that Plaintiff had supported a terrorist organization and the USCIS's legal determination that a previous finding of an immigration judge did not preclude USCIS's factual determination.

Plaintiff's argument is foreclosed by the recent Ninth Circuit case of Zia v. Garland, 112 F.4th 1194 (9th Cir. 2024). Applying Patel v. Garland, 596 U.S. 328 (2022), the Ninth Circuit found that the jurisdiction stripping provision of § 1252(a)(2)(B)(ii) applies "to cover all determinations made in support of a grant of discretionary relief under subsection (ii)." 112 F.4th at 1200.

Plaintiff relies heavily on Cabaccang v. U.S. Citizenship & Immigr. Servs., 627 F.3d 1313, 1317 (9th Cir. 2010), to argue that in the absence of a pending removal proceeding, a denial of adjustment of status is reviewable in a district court. But Cabaccang did not decide this jurisdictional issue. In finding that there was no jurisdiction in its particular case, Cabaccang distinguished other cases where jurisdiction had been exercised to review a denial of adjustment of status. Id. Those cited cases, in turn, appear to have predated the effective date of the modern version of 8 U.S.C. § 1252, which was passed in 1996. Id. In any event, the cases cited by Cabaccang do not discuss § 1252. Nor is Garcia v. U.S. Citizenship & Immigr. Servs., 146 F.4th 743 (9th Cir. 2025), helpful to Plaintiff. The panel in Garcia explicitly declined to address a possible exception to the § 1252(a)(2)(B) jurisdictional bar for

cases where there is no other avenue for review and suggested that such an exception probably does not exist. See id. at 756.

Because the Court lacks jurisdiction to review USCIS's denial of adjustment of status and the underlying determinations that led it to that decision, the motion to dismiss is GRANTED.

IT IS SO ORDERED.

Date: September 15, 2025

Dale S. Fischer
United States District Judge